IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON PHILLIP STULL,

        Plaintiff,

v.

CCS, DANE COUNTY JAIL (ALL MENTAL HEALTH STAFF), CARLY, CHUCK, MATT, KATY, JOCELYN and STACY,

        Defendants.

OPINION and ORDER

23-cv-586-wmc

---

    Plaintiff Brandon Stull, who is representing himself, contends that the company that employs mental health staff at the Dane County Jail, as well as mental health staff at the jail, violated his constitutional rights by failing to connect him with mental health programs and services after he was released.  Because Stull was incarcerated when he filed this lawsuit and is proceeding without paying the filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.  When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  But Stull must still allege enough facts to show that he is plausibly entitled to relief, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007), and in this case, he has failed to do so.

    Stull's claims are based on his assumption that jail staff was required to arrange for him to obtain mental health care after he was released from custody.  But the government is required to provide proper medical care only while an inmate is detained, because an inmate who is detained cannot obtain treatment on his own.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  When a citizen is not detained, the government has no constitutional obligation to

provide him with medical aid. *Paine v. Cason*, 678 F.3d 500, 507 (7th Cir. 2012). Thus, the government's obligation to provide Stull mental health care and services was terminated when he was released from jail.

Because Stull's allegations do not state a constitutional claim against any of the defendants, the court will dismiss his complaint. Consistent with circuit practice, the complaint will be dismissed without prejudice, and Stull will have a short time to submit an amended complaint that will replace his first complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) (cautioning against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend). If Stull files an amended complaint related to his need for mental health care and his incarceration at Dane County jail (that has not already been the subject of a previous lawsuit filed by him), the court will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not submit an amended complaint by the date below, this case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon Stull's complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until June 20, 2024, to file an amended complaint, as directed above. If plaintiff does not file an amended complaint as directed, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

Entered May 29, 2024.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge